IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| GARRETT K. ANDERSON;<br>AMANDA L. ANDERSON; AND<br>WISCONSIN MUNICIPAL MUTUAL<br>INSURANCE COMPANY<br>*Plaintiffs,*<br><br>v.<br><br>RUST-OLEUM CORPORATION;<br>RUST-OLEUM SALES COMPANY, INC.;<br>BALL CORPORATION;<br>SONOCO METAL PACKAGING, LLC;<br>SONOCO PRODUCTS COMPANY;<br>LIBERTY MUTUAL<br>INSURANCE COMPANY; AND<br>ABC INSURANCE COMPANY(S)<br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO.: 26-cv-994 |

**DEFENDANTS RUST-OLEUM CORPORATION AND RUST-OLEUM SALES COMPANY, INC. NOTICE OF REMOVAL**

**TO THE HONORALBE U.S. DISTRICT JUDGE:**

COME NOW Defendants Rust-Oleum Corporation and Rust-Oleum Sales Company, Inc. ("Rust-Oleum" and/or "Defendant"), and pursuant to 28 U.S.C. §1332, 1441(a), and 1446(a), removes this case from the Circuit Court of Dane County, Wisconsin, to the United States District Court for the Western District of Wisconsin. In support of this removal, Rust-Oleum respectfully shows as follows:

## I.
## BRIEF FACTUAL AND PROCEDURAL BACKGROUND

1. This is alleged products liability lawsuit arises from an incident occurring at Dane County Regional Airport in Dane County, Wisconsin, involving Plaintiff Garrett Anderson ("**Plaintiff**"), on August 2, 2023. Plaintiff alleges he was sprayed in the face by the contents of a

Rust-Oleum Industrial Enamel Primer when the can ruptured during what Plaintiff contends was normal use. The primer at issue was sold by Rust-Oleum Corp. (Rust-Oleum Corp. and Rust-Oleum Sales Company, Inc., are sister companies).

2. On July 29, 2026, Plaintiffs filed this lawsuit in the Circuit Court for Dane County, Wisconsin, against Rust-Oleum Corporation and Rust-Oleum Sales Company, Inc. (collectively, "Rust-Oleum"). Plaintiffs also sued companies they contend manufactured the subject aerosol can, Ball Corporation ("Ball"), Sonoco Metal Packaging, LLC, and Sonoco Products Company (collectively, "Sonoco"), alleging that Defendants manufactured, distributed, and/or supplied the subject product. *See* **Exhibit "A"** at ¶¶ 18-21. Liberty Mutual Insurance Company, the alleged insurer of Sonoco, and ABC Insurance Company(s) ("**Insurance Companies**"), are named as Co-Defendants based on claims of direct liability caused by their insureds. *Id*. at ¶ 95.

3. Plaintiffs seek damages for past and future medical expenses, physical injuries, pain and suffering, past and future income loss, emotional distress, mental anguish, loss of society, companionship, and consortium; and spousal obligations for medical expenses. *Id*. at ¶¶ 31-37, 47-49, 61-62, 81-82, 90-92, 95.

## II.
## <u>GROUNDS FOR REMOVAL</u>

4. Rust-Oleum removes this action pursuant to 28 U.S.C. §1441(a). This court has jurisdiction based on 28 U.S.C. §1332(a)(1) in that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States."

### A. <u>Amount in Controversy Exceeds $75,000</u>

5. As an initial matter, the amount in controversy in this lawsuit exceeds the sum or value of $75,000. Plaintiffs state in their state court complaint that they are seeking to recover medical expenses and lost income. Ex. A – Plaintiff's State Court Complaint at ¶ 47, 61, 81, 91.

Specifically, Plaintiffs allege that Mr. Anderson "suffered traumatic injuries to his mouth, nose, and face" for which he "continues to seek medical care and treatment." Ex. A at ¶ 30. Plaintiffs claim Mr. Anderson's injuries include: "extensive left-sided facial fractures (Le Fort I, II, and III pattern), with additional fractures of the nasal arch and left maxillary alveolus; dentoalveolar fractures of the maxilla and mandible (avulsion of the left central incisor and movement of the left lateral incisor and canine); orbital floor fracture with ecchymosis to the left periorbital regional; and left facial hematoma and laceration." *Id.* As a result, Plaintiffs claim damages for "significant medical expenses" for "surgical procedures and tests," medications, and ongoing medical treatment; loss of income and earning capacity, and physical pain and suffering. *Id.* at ¶¶ 31-34.

**B. <u>Complete Diversity of Citizenship Exists between Plaintiff and Defendants</u>**

6. There is complete diversity of citizenship because Plaintiff does not share the same state citizenship as any Defendant, as shown below:

a. Plaintiff Garrett K. Anderson is an individual resident of Dane County, Wisconsin, and is a citizen on Wisconsin for the purposes of determining diversity. 28 U.S.C. §1332(c)(1); *See* **Exhibit "A"** at ¶ 1.

b. Plaintiff Amanda L. Anderson is an individual resident of Dane County, Wisconsin, and is a citizen of Wisconsin for the purposes of determining diversity. 28 U.S.C. §1332(c)(1); *See* **Exhibit "A"** at ¶ 2.

c. Plaintiff Wisconsin Municipal Mutual Insurance Company is a Wisconsin Insurance Company organized under the laws of the state of Wisconsin with its principal place of business located in the state of Wisconsin. Accordingly, it is a citizen of Wisconsin for the purpose of determining diversity. 28 U.S.C. §1332(c)(1); *See* **Exhibit "A"** at ¶ 3.

d. Rust-Oleum Corporation is a Delaware Corporation organized under the laws of the state of Delaware with its principal place of business located in the State of Illinois. Accordingly, it is a citizen of Delaware and Illinois for purposes of determining diversity. 28 U.S.C. §1332(c)(1).

e. Rust-Oleum Sales Company is an Ohio Corporation organized under the laws of the state of Ohio with its principal place of business located in the state of Illinois.

Accordingly, it is a citizen of Ohio and Illinois for purposes of determining diversity. 28 U.S.C. §1332(c)(1).

f. Ball Corporation is an Indiana Corporation organized under the laws of the state of Indiana with its principal place of business located in the state of Colorado. Accordingly, it is a citizen of Indiana and Colorado for purposes of determining diversity. 28 U.S.C. §1332(c)(1).

g. Sonoco Metal Packaging LLC is a single-member LLC. Its sole member is Sonoco Products Company. Sonoco Products Company is a South Carolina Corporation organized under the laws of the state of South Carolina with its principal place of business located in the state of South Carolina. Accordingly, Sonoco Metal Packaging, LLC is a citizen of Delaware and South Carolina for purposes of determining diversity. 28 U.S.C. §1332(c)(1).

h. Sonoco Products Company is a South Carolina Corporation organized under the laws of the state of South Carolina with its principal place of business located in the state of South Carolina. Accordingly, it is a citizen of South Carolina for purposes of determining diversity. 28 U.S.C. §1332(c)(1).[1]

i. Liberty Mutual Insurance Company is a Massachusetts Mutual Insurance Company organized under the laws of the state of Massachusetts with its principal place of business located in the state of Massachusetts. Accordingly, it is a citizen of Massachusetts for purposes of determining diversity. 28 U.S.C. §1332(c)(1).

## III.
## VENUE IS PROPER

7. Venue is proper in this Court pursuant to 28 U.S.C. §1441(a), because this district and division embrace the place in which the removed state court action has been pending. Specifically, the Circuit Court of Dane County, Wisconsin, is within the district and division of the United States District Court for the Western District of Wisconsin. 28 U.S.C. §124(d)(4).

## IV.
## CONSENT OF CO-DEFENDANTS BALL CORPORATION, SONOCO METAL PACKAGING, LLC, SONOCO PRODUCTS COMPANY, AND LIBERTY MUTUAL INSURANCE COMPANY

[1] Plaintiffs incorrectly state that Sonoco Products Company is a Limited Liability Company incorporated in the state of Delaware. *See* Exhibit "A" at ¶ 9. Sonoco Products Company is a Corporation incorporated in the state of South Carolina. Plaintiff also identifies One North Second Street, Hartsville, SC 29550, as Sonoco Products Company's principal office location. That statement is correct, and Sonoco Products Company's principal place of business is in the state of South Carolina.

8. Defendants Ball Corporation, Sonoco Metal Packaging, LLC, Sonoco Products Company, and Liberty Mutual Insurance Company, the only specifically identified Defendants in Plaintiffs' state court complaint, consent to removal of this action pursuant to 28 U.S.C. §1446(b)(2)(a).

## V.
## RUST-OLEUM HAS COMPLIED WITH ALL PROCEDURAL REQUIREMENTS

### A. Timely Filing of Notice

9. Rust-Oleum Sales timely files this Notice of Removal within the thirty (30) day time period set forth in 28 U.S.C. §1446(b). Plaintiff served Rust-Oleum Sales with the lawsuit on September 2, 2026. Ex. A, p. 1. Additionally, this case is being removed within one year of the commencement of the action, as required under 28 U.S.C. §1446(c)(1).

### B. Index of Matters Being Filed

10. As required under 28 U.S.C. §1446(a), copies of all process, pleadings, and orders served upon Defendants are attached to this Notice of Removal, and include the following:

- Exhibit A: Plaintiffs' [State Court] Circuit Court Complaint;
- Exhibit B: State Court Docket Sheet

### C. Notice Requirements

11. On filing of this Notice of Removal, Rust-Oleum Sales will promptly provide written notice to Plaintiff and file a copy of this Notice of Removal with the clerk of the state court where the suit has been pending in accordance with 28 U.S.C. §1446(d).

12. In the event this Court subsequently identifies a defect in this Notice of Removal, Defendant respectfully requests this Court to grant Defendant leave to amend this Notice and cure the defect. *See*, *e.g., Northern Illinois Gas Co. v. Airco Indus. Gases, A Division of Airco, Inc.*, 676 F.2d 270, 273 (7th Cir. 1982); *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir.

2012); *Paragon Tank Truck Equipment, LLC v. Parish Truck Sales, Inc.*, No. 14-cv-069-wmc, 2014 WL 2739155 at *2 (W.D. Wis. June 17, 2014). ("Even after the thirty days [provided by §1446(b)(1)] have elapsed, amendments to correct 'defective allegations of jurisdiction' are permitted under 28 U.S.C. §1653." (Citing *N. Ill. Gas Co.,* 676 F.2d at 273)).

13. By filing this Notice of Removal, Defendant does not waive any legal defenses but expressly reserves its right to raise any and all legal defenses in subsequent pleadings in this Court.

## VI.
## CONCLUSION

WHEREFORE, Rust-Oleum Corporation and Rust-Oleum Sales Company, Inc., represent that they have complied with the removal statutes set forth above, and thus, this case stands removed from the Circuit Court of Dane County, Wisconsin, to the United States District Court for the Western District of Wisconsin. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required under 28 U.S.C. §1446(a).

Respectfully submitted.

QUARLES & BRADY LLP

*/s/ Sydney E. VanBerg*

Sydney E. VanBerg (SBN 1101335)
sydney.vanberg@quarles.com
33 E. Main St., Suite 900
Madison, WI 53703
Phone: (608) 251-5000

**ATTORNEYS FOR DEFENDANTS RUST-OLEUM CORPORATION AND RUST-OLEUM SALES COMPANY, INC.**

**CERTIFICATE OF SERVICE**

I do hereby certify that a true and correct copy of the foregoing instrument has been electronically served on all counsel of record on this the 2nd day of October, 2026.

Chase A. Horne; Jacob Simon
DeWitt LLP
25 West Main Street, Suite 800
Madison, Wisconsin 53703

***Via E-Mail:*** ***cash@dewittllp.com*** ***&*** ***jsimon@dewittllp.com***

*/s/ Sydney E. VanBerg*
Sydney E. VanBerg